JANVIER, Judge.
Plaintiff seeks to enjoin the sale of certain movable property for unpaid taxes and has appealed from a judgment dismissing its suit.
When the District Court refused to issue the injunction and rendered judgment dismissing the suit, plaintiff applied to the Supreme Court for writs of certiorari, attempting thereby to obtain writ of mandamus ordering the District Court to issue the injunction. When the Supreme Court refused to issue the writ of certiorari, stating that: “On facts as found by the district judge the ruling complained of is correct,” there was left for our consideration only the question of whether the facts, as found by the district judge, were correct. His findings of fact and his conclusion of law are clearly set forth in his reasons for judgment which follow:
“Plaintiff seeks to enjoin the State Tax Collector from seizing and selling some of its personal property to- satisfy the state’s assessment for ad valorem taxes on personal property in the name of ‘Emblem Radio Service’ for the years 1948, 1949 and 1950, plus interest *227 and penalties. The amount of the tax, etc. for the three years is $510.00.
“Plaintiff contends the assessment, notice and seizure are illegal because the assessment is in the name of Emblem Radio Service and not in the name of Emblem, Inc.; and that no notice of seizure was served on the plaintiff.
“I find the following facts:
“The Louisiana Tax Commission, because of the failure of the plaintiff to file its assessment list within the time prescribed by law, made an arbitrary assessment for the years 1949, 1950 and 1951 in the name of Emblem Radio Service. Protesting the arbitrary assessment, but in no manner challenging the correctness of the name, Joseph A. LaNasa, President of Emblem, Inc., on the letterhead of Emblem, Inc., wrote a letter to the Louisiana Tax Commission on June 13, 1950 (Exhibit D-l), and enclosed therewith completed personal property tax forms for the years 1949, 1950 and 1951, in the name of Emblem Radio Service, the address therein as 2130 Gentilly Road, the address of Emblem, Inc., and was signed by Joseph A. LaNasa.
“Plaintiff raises some question about a discrepancy between the address of 2128 and 2130 Gentilly Road, but the evidence is that there is only one building in that square, the 2100 block, occupied by Emblem, Inc. and any other concern of similar name, and the plaintiff could not be confused or misguided by this slight variance in the address.
“The record shows that in 1946 Emblem, Inc. was known as Emblem Radio Service & Appliance Co., Inc., which name was changed on July 15, 1946 to Emblem, Inc. :by notarial charter amendment. There is no evidence that Emblem Radio Service was a partnership, sole ownership or a corporation separate and distinct from Radio Service & Appliance Co., Inc. The Emblem Radio Service & Appliance Co., Inc., is the predecessor of Emblem, Inc., as per charter amendment. Whatever doubt there may have been whether Emblem Radio Service was the same as Emblem Radio Service & Appliance Co., Inc. was dissipated by Emblem, Inc. letter of June 13, 1950 (Ex. D-l) forwarding the returns for the years 1949, 1950 and 1951, in the name of Emblem Radio Service.
“The State Tax Collector notified Joseph A. LaNasa and Emblem, Inc. by several letters dated April 27, 1951 and May 7, 1951 of the tax delinquency, and the necessity for the seizure if it were not paid.
“It is admitted that Emblem, Inc. paid no personal property tax for the years in question.
“It is clear, therefore, that the assessment in the name of Emblem Radio Service was intended to be and was an assessment against Radio Service & Appliance Co., Inc., whose name was changed to Emblem, Inc. It is equally clear that the officers of Emblem, Inc. knew of this error in the name, and knew that the assessment was intended against it. In fact, they either negligently or wilfully aided and abetted in perpetuating the assessment in the wrong name when its president filed the returns giving the name as Emblem Radio Service.
“The plaintiff was fully advised that the assessment for the years involved was an assessment against it; that it assisted in bringing about this erroneous assessment; that it was advised of the impending seizure and sale. The conduct of plaintiff, its officers and agents appears to be a wilful attempt to evade the payment of the taxes due by it on its personal property for the years 1948, 1949 and 1950. The tax is due by Emblem, Inc., the new name of Emblem Radio Service & Appliance 'Co., Inc., erroneously assessed as Emblem Radio Service.
“It must be remembered that as late as June 13, 1950, when Emblem, Inc. returned the personal property tax forms to the Louisiana Tax Commission in the name of Emblem Radio *228 Service for the years 1949, 1950 and 1951, it was not then too late for the Tax Commission to have made the assessment in the proper name of Emblem, Inc. for the years 1948, 1949 and 1950. It was this affirmative and overt act of Emblem, Inc. which perpetuated the error and now estops it to complain. The conduct of Emblem, Inc. appears to have been a deliberate effort to evade the personal property taxes due by it for the years in question.”
We find that all of the findings of fact made by the district judge are amply sustained by the record, and, as a matter of fact, none is seriously questioned except the finding that the tax debtor had been properly notified of the tax delinquency.
Mr. George Montgomery, Jr., Chief Deputy in the office of the State Tax Collector, stated that the tax delinquency notice had been mailed in the usual course of business, and though he said that he himself had not personally mailed the notice, he stated that: “I know of my own knowledge it was sent out.”
Mr. J. T. LaNasa, Executive Vice-President of the plaintiff corporation (the tax debtor), was asked whether any such notice had ever been received, and he answered: “Not to my knowledge.”
A reference to Louisiana Statutes Annotated — Revised Statutes, Title 47 :Z171 (Revenue and Taxation), indicates that such notices need not be sent by registered mail as is required in the case of immovable property (LSA-R.S. 47:2180).
It is contended that possibly the notice was not received because it was addressed to 2128 Gentilly Boulevard whereas the plaintiff’s correct address is 2130 Gentilly Boulevard. The record shows, however, that in that block there is only one establishment which is that of the plaintiff, and it is inconceivable that a notice addressed to 2128 Gentilly Boulevard would not have been delivered to the only establishment in that block. Furthermore, we conclude from a consideration of the evidence of the plaintiff on other questions that, as a matter of fact, the notice was received and that the plaintiff not only received this notice, but had full knowledge of the fact that the taxes were not paid and had never been paid and that the assessment, though made in a slightly incorrect name, was intended to cover the personal property of the plaintiff.
Since we conclude that in all his findings of fact the district judge was correct, the necessary result is that the judgment appealed from must 'be affirmed.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.
Affirmed.
McBRIDE, J., takes no part